UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| OAK CREEK PARTNERS, LLC | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | |
| | ) | |
| ENVIRONMENTAL PRODUCTS AND SERVICES LTD. | ) ) | |
| | ) | |
| Defendant. | ) | |

## **COMPLAINT**

Plaintiff, Oak Creek Partners, LLC ("Oak Creek"), for its claims for relief against Defendant, Environmental Products and Services, Ltd., a corporation organized under the laws of and having its principal place of business in Northern Ireland, United Kingdom of Great Britain ("EPAS"):

### PARTIES

1. Oak Creek is an Illinois limited liability company. Oak Creek has seven individual members who are citizens of the states of Washington, Texas, California, Illinois, and the District of Columbia.

2. EPAS is a corporation organized under the laws of and having its principal place of business in Northern Ireland, United Kingdom of Great Britain.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332 because it is an action between citizens of a State and citizens or subjects of a foreign state and the matter in controversy exceeds $75,000.

4. This Court has personal jurisdiction over EPAS pursuant to 735 ILCS 5/2-209(a) because it has conducted business in, committed a tortious act in, and acquired ownership, possession, or control of an asset or thing of value present within the State of Illinois.

5. The Northern District of Illinois is a proper venue for this action, pursuant to 28 U.S.C. § 1391(a), because the events giving rise to the claim occurred in this district.

**NATURE OF ACTION**

6. GreaseShield USA, LLC f/k/a Environmental Products and Services, LLC, a Delaware limited liability company ("GreaseShield"), made transfers of its interests in property to, or for the benefit of, EPAS after GreaseShield had breached a lease agreement with Oak Creek and was threatened with suit and the enforcement of a landlord's lien. GreaseShield was (and was believed to be by EPAS) insolvent at the time of the transfers. GreaseShield received no reasonably equivalent value in exchange for the transfers, or the transfers were in payment of antecedent debt owed to an insider. GreaseShield made the transfers with the actual intent to delay, hinder, and defraud creditors, including to avoid paying the claims of Oak Creek. Oak Creek seeks to avoid and recover the transfers to EPAS as "initial transferees" or parties for whose benefit the transfers were made pursuant to the Illinois Uniform Fraudulent Transfer Act.

BACKGROUND AND CLAIMS FOR RELIEF

7. EPAS is the sole member and a person in control of GreaseShield, which it formed as a distribution and sales vehicle for its products in the United States market.

8. On July 19, 2019, Oak Creek and GreaseShield USA, LLC f/k/a Environmental Products and Services, LLC ("GreaseShield") entered into a Lease Agreement (the "Lease") pursuant to which Oak Creek, as landlord, leased certain described real property commonly known as 818 Oak Creek Drive, Lombard, Illinois (the "Premises") to GreaseShield.

9. Pursuant to the Lease, Oak Creek made substantial improvements to the Premises for the use and benefit of GreaseShield.

10. On or about October 1, 2019, the term of the Lease commenced.

11. GreaseShield installed racking systems and owned inventory which it delivered to and stored upon the Premises from October of 2020 to until June 17, 2020. The inventory had a fair value in excess of $1 million.

12. GreaseShield failed to pay rent and other charges due under the Lease for the months of December 2019 through July of 2020. During this period, the parties exchanged correspondence and had other communications in which EPAS threatened to bankrupt GreaseShield and transfer GreaseShield's assets to EPAS to avoid Oak Creek's claims, unless Oak Creek agreed to modify the Lease to relieve GreaseShield of its liability for past due rent and extra charges.

13. On or about June 17, 2020, GreaseShield abandoned the Premises and removed and concealed its personal property, including inventory and racking

systems. EPAS advised Oak Creek that GreaseShield abandoned the Premises to avoid Oak Creek's enforcement of its landlord's lien on GreaseShield's personal property that was then located upon the Premises.

14. On or about June 22, 2020, Oak Creek delivered a notice of default to GreaseShield.

15. On or about July 5, 2020, GreaseShield repudiated unequivocally its obligations under the Lease.

16. On July 13, 2020, Oak Creek filed a civil action against Grease Shield for breach of the Lease in this Court, *Oak Creek Partners v. GreaseShield USA, LLC,* 20-cv-04117, which action remains pending.

17. Oak Creek was damaged in amount of more than $600,000 as a result of GreaseShield's breach of the Lease.

18. GreaseShield has refused to disclose the location of the inventory and racking systems.

19. GreaseShield contends that it transferred its inventory to EPAS to satisfy a putative antecedent debt.

### COUNT I – FRAUDULENT TRANSFER
### 740 ILCS 160/5(a)(1)

20. Oak Creek repeats and realleges paragraphs 1 through 19 of this Complaint as though fully set forth herein.

21. GreaseShield made transfers of property to or for the benefit of EPAS, on or within four years of the filing of this action, with the actual intent to hinder,

4

delay or defraud entities to which GreaseShield was indebted or became indebted, on or after the dates such transfers were made.

22. There are creditors of GreaseShield whose claims arose before or after the transfers were made.

23. With respect to the transfers:

(1) The transfers were to, or for the benefit of, insiders: EPAS is an insider of GreaseShield and either was the initial transferee, or benefited from the transfers;

(2) The transfers and assets were concealed by GreaseShield and EPAS: The inventory and other assets were removed from the Premises and concealed in an undisclosed location;

(3) Before the transfers were made, GreaseShield had been sued or threatened with suit: Oak Creek had threatened suit and action to enforce its landlord's lien;

(4) The transfers were of substantially all of the GreaseShield's assets: The transfers to or for the benefit of insiders, in the aggregate, constituted all of the GreaseShield's assets;

(5) GreaseShield removed or concealed assets: GreaseShield removed its assets from the Premises and concealed them in an unknown place to avoid Oak Creek's assertion of its landlord's lien;

5

(6) The value of the consideration received by GreaseShield was not reasonably equivalent to the value of the assets transferred: GreaseShield received no value from EPAS for the transfers;

(7) GreaseShield was insolvent or became insolvent shortly after the transfers were made: GreaseShield was rendered insolvent by the transfer of substantially all of its assets because the fair value of its remaining assets was less that the fair value of the Debtor's ordinary course and Oak Creek liabilities, and EPAS believed that GreaseShield was insolvent at the time of each of the transfers; and

(8) The transfers occurred shortly before or shortly after a substantial debt was incurred: The transfers commenced after GreaseShield incurred liability and defaulted under its lease with Oak Creek.

WHEREFORE, Oak Creek prays that this Court enter judgment pursuant to 740 ILCS 160/8:

A. Avoiding the transfers of property made by GreaseShield to EPAS and awarding Oak Creek recovery of an amount equal to the value of such property from EPAS;

B. Attaching EPAS's property and enjoining it from encumbering or transferring its property and declaring any property acquired with GreaseShield's property to be held in constructive trust;

C. Appointing a receiver to take possession of the property GreaseShield transferred to EPAS to avoid its further concealment and dissipation;

D. Awarding prejudgment interest on such amounts and costs; and

E. Awarding such other relief as is appropriate.

## COUNT II – FRAUDULENT TRANSFER
### 740 ILCS 160/5(a)(2)

24. Oak Creek repeats and realleges paragraphs 1 through 19 of this Complaint as though fully set forth herein.

25. GreaseShield made transfers of property to or for the benefit of EPAS on or within four years of the filing of this action.

26. GreaseShield received less than a reasonably equivalent value in exchange for such transfers.

27. GreaseShield was insolvent on the date that such transfers were made or became insolvent as a result of such transfers; GreaseShield was engaged in business or a transaction or was about to engage in business or a transaction for which any property remaining with GreaseShield was an unreasonably small capital; or GreaseShield intended to incur, or believed that GreaseShield would incur, debts that would be beyond the GreaseShield's ability to pay as such debts matured.

28. There are creditors of the Debtor's estate whose claims arose before or after the transfers were made.

WHEREFORE, Oak Creek prays that this court enter judgment pursuant to 740 ILCS 160/8:

A. Avoiding the transfers of property made by GreaseShield to EPAS and awarding Oak Creek recovery of an amount equal to the value of such property from Defendant;

B. Attaching EPAS's property and enjoining it from encumbering or transferring its property and declaring any property acquired with GreaseShield's property to be held in constructive trust;

C. Appointing a receiver to take possession of the property GreaseShield transferred to EPAS to avoid its further concealment and dissipation;

D. Awarding prejudgment interest on such amounts and costs; and

E. Awarding such other relief as is appropriate.

### COUNT III – FRAUDULENT TRANSFER
### 740 ILCS 160/6(a)

29. Oak Creek repeats and realleges the allegations in paragraphs 1 through 19 of this Complaint as though fully set forth herein.

30. On or within four years of the filing of this action, GreaseShield made transfers of property to or for the benefit of EPAS.

31. There are creditors of the estate whose claims arose before the transfers were made.

32. GreaseShield made the transfers without receiving a reasonably equivalent value in exchange for the transfers.

33. GreaseShield was insolvent at the time of the transfers or became insolvent because of the transfers.

WHEREFORE, Oak Creek prays that this Court enter judgment:

A. Avoiding the transfers of property made by GreaseShield to EPAS and awarding Oak Creek recovery of an amount equal to the value of the property from pursuant to 740 ILCS 160/6(a).

B. Attaching EPAS's property and enjoining it from encumbering or transferring its property and declaring any property acquired with GreaseShield's property to be held in constructive trust;

C. Appointing a receiver to take possession of the property GreaseShield transferred to EPAS to avoid its further concealment and dissipation;

D. Awarding prejudgment interest on such amounts and costs; and

E. Awarding such other relief as is appropriate.

### COUNT IV – FRAUDULENT TRANSFER
### 740 ILCS 160/6(b)

34. Oak Creek repeats and realleges the allegations in paragraphs 1 through 19 of this Complaint as though fully set forth herein.

35. There are creditors of GreaseShield whose claims arose before the transfers were made.

36. On or within one year of the filing of this action, GreaseShield made transfers of property to EPAS, an insider, for an antecedent debt.

37. GreaseShield was insolvent at the time of the transfers.

38. GreaseShield made the transfers without receiving a reasonably equivalent value in exchange for the transfers.

39. EPAS had reasonable cause to believe that GreaseShield was insolvent.

9

WHEREFORE, Oak Creek prays that this Court enter judgment pursuant to 740 ILCS 160/8:

A. Avoiding the transfers of property made by GreaseShield to EPAS and awarding Oak Creek recovery of an amount equal to the value of the property from EPAS.

B. Attaching EPAS's property and enjoining it from encumbering or transferring its property and declaring any property acquired with GreaseShield's property to be held in constructive trust;

C. Appointing a receiver to take possession of the property GreaseShield transferred to EPAS to avoid its further concealment and dissipation;

D. Awarding prejudgment interest on such amounts and costs; and

E. Awarding such other relief as is appropriate.

Dated: June 4, 2021                                      OAK CREEK PARTNERS

                                                         By: /s/ Paul M. Bauch
                                                              One of Its Attorneys

Paul M. Bauch (ARDC #6196619)
Carolina Y. Sales (ARDC #6287277)
BAUCH & MICHAELS, LLC
53 W. Jackson Blvd., Suite 1115
Chicago, Illinois 60604
(312) 588-5000
Fax (312) 427-5709
pbauch@bmlawllc.com
csales@bmlawllc.com